UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS ALIC,<br><br>                        Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY/IMMIGRATION CUSTOMS ENFORCEMENT, et al.,<br><br>                        Respondents. | Case No.: 25-cv-01749-AJB-BLM<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**(Doc. No. 9)** |

      Before the Court is Petitioner Denis Alic's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Doc. No. 9.) Petitioner, with the assistance of the Federal Defenders of San Diego, Inc., set forth a detailed and well-reasoned motion, arguing that appointment of counsel was in the "interests of justice" because Petitioner will likely succeed on the merits but cannot adequately articulate his claims in the absence of counsel due to the legal complexity of the issues involved. (*See generally id.*)

      The writ of habeas corpus is of "fundamental importance" because it "safeguard[s] individual freedom against arbitrary and lawless state action." *Brown v. Vasquez*, 952 F.2d 1164, 1166 (9th Cir. 1991), *as amended* (Feb. 19, 1992). Nonetheless, there is no constitutional right to appointment of counsel in § 2241 habeas actions. *See Bonin v.*

*Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993) ("[T]he protections of the Sixth Amendment right to counsel do not extend to either state collateral proceedings or federal habeas corpus proceedings."). However, the district court may appoint counsel for an impoverished habeas petitioner seeking relief under 28 U.S.C. § 2241 whenever "the court determines that the interest of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In making this determination, "a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) (citations omitted).

Upon review of the Petition and Traverse (both of which were completed without assistance of Federal Defenders), the Court finds that Petitioner appears to have a sufficient grasp of his claims, and the legal issues involved, and that he is able to articulate those claims adequately. Additionally, the Court finds that the legal issues involved are not overly complex. Finally, the Court notes that the briefing on the Petition is complete and, at the moment, no supplemental briefing has been requested. Based on the current record, the Court finds that Petitioner has not demonstrated that appointment of counsel is required by the interests of justice at this stage of the proceedings.

Accordingly, the Court **DENIES** Petitioner's motion **without prejudice**. (Doc. No. 9.) Petitioner is permitted to file a renewed motion for appointment of counsel as his Petition progresses.

**IT IS SO ORDERED.**

Dated: September 26, 2025

Hon. Anthony J. Battaglia
United States District Judge